UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KENYA GRAY,

        Plaintiff,

- against -

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-3916 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Kenya Gray filed this action pursuant to 42 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied Plaintiff's benefits. After Plaintiff filed a motion for judgment on the pleadings, the parties stipulated to remand the case to the SSA, where Plaintiff was awarded roughly $178,184.00 in past-due benefits. Plaintiff's counsel, Charles Binder ("Binder"), now moves for $44,545.98 in attorney's fees pursuant to 42 U.S.C. § 406(b).[1] For the reasons explained below, Binder's motion is granted in part and denied in part and he is awarded $35,550.00.

## BACKGROUND

After Plaintiff was denied benefits by the SSA, Plaintiff retained Charles E. Binder and filed this action on August 24, 2020. (Dkt. 1.) On April 22, 2021, Plaintiff filed a motion for judgment on the pleadings. (Dkts. 11, 12.) The parties subsequently stipulated to remand the case to the SSA. (Dkt. 16.) This Court then awarded Plaintiff $5,099.53 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on August 17, 2021. (Dkt. 18; 8/17/2021 Docket Order.)

---

[1] Plaintiff's counsel does not request costs, only attorney's fees.

1

On March 15, 2023, the SSA mailed Plaintiff a Notice of Award letter informing him that he would receive approximately $178,184.00 in past-due benefits, with 25% ($44,545.98) withheld as possible attorney's fees.[2] (Dkt. 21-1, at ECF[3] 7.) Consequently, Binder filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) on March 28, 2023. (Dkts. 19, 20.) Along with his motion for attorney's fees, Binder submitted an affidavit with attachments, including: 1) a fee agreement demonstrating that Gray had retained Binder on a contingency-fee basis whereby Binder is entitled to a dollar amount that does "not exceed 25% of any back due benefits" (Dkt. 21-1, at ECF 2); 2) itemized time records indicating that two attorneys from his law firm, Binder & Binder P.C., spent a total of 23.7 hours litigating this matter (*id.* at ECF 5); and 3) the aforementioned Notice of Award (*id.* at ECF 7–12). Binder's request amounts to an effective rate of $1,879.58 per hour (23.7 hours of work for $44,545.98). The SSA filed a response to Binder's motion for attorney's fees on April 25, 2023. (Dkt. 24.) In their "limited role as a trustee," the SSA contends that Binder's attorney's fees motion is timely, in line with the operative contingency-fee agreement, and that they are unaware of fraud or overreaching, but "defer[] to the Court" as to whether the requested fee is reasonable. (*Id.* at 1–3.)

## DISCUSSION

**I.    Timeliness**

Motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period prescribed by Rule 54(d) of the Federal Rules of Civil Procedure. *Sinkler v.*

---

[2] The letter does not state the exact total amount of past-due benefits awarded, but notes that the SSA "usually" withholds 25% for potential attorney's fees and, in this case, was withholding $44,545.98. (Dkt. 21, at ECF 13.)

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

*Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019).  The 14-day period begins to run when "counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days after mailing."  *Id.* at 88, 89 n.5.  Furthermore, under Rule 54(d), "district courts are empowered to enlarge that filing period where circumstances warrant."  *Sinkler*, 932 F.3d at 89.

Plaintiff's counsel received the notice of benefits award on or after March 15, 2023.  (Dkt. 21-1, at ECF 7.)  This motion was filed on March 28, 2023 (Dkts. 19, 20)—thirteen days later—and is thus timely filed.

## II. Reasonableness of the Requested Fee

### A. Legal Standard

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b).  If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness.  *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

To determine whether a fee is reasonable, a district court should consider "(a) the character of the representation [and] the result the representative achieved," (b) whether counsel was responsible for a delay that unjustly allowed counsel to obtain a percentage of additional past-due benefits,[4] and (c) whether the requested amount is so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney.  *Id.* at 853.

---

[4] This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand.  *See Fields*, 24 F. 4th at 849 n.2 ("Undue delay can be a particular problem in cases like these, in which past-due benefits are at stake. Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery.  [W]here the attorney is responsible for

3

To analyze the third factor, i.e., whether a fee would constitute a "windfall," the Second Circuit has instructed courts to "consider more than the *de facto* hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854. Specifically, courts should also consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–56. The court further warned that "the windfall factor does *not* constitute a way of reintroducing the lodestar method and, in doing so, . . . indicate[d] the limits of the windfall factor." *Id.* at 854. Ultimately, a district court may reduce the amount called for in the contingency fee agreement "only when [the court] finds the amount to be unreasonable," after considering the factors outlined above. *Id.* at 852–53 (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); *Barbour v. Colvin*, No. 12-CV-548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (citing *Porter*

---

delay, the attorney should not be allowed to profit from the accumulation of benefits during the pendency of the case in court." (internal quotation marks and citation omitted)).

4

*v. Comm'r of Soc. Sec.*, No. 06-CV-1150 (GHL), 2009 WL 2045688, at *4 (N.D.N.Y. July 10, 2009)).

### B. Application

Here, Plaintiff retained Binder pursuant to a contingency-fee agreement that entitles him to up to 25% of Plaintiff's past-due benefits. (Dkt. 21-1, at ECF 2.) There are no allegations of fraud or overreaching with respect to the retainer agreement. Binder seeks the full 25% of Plaintiff's past-due benefits. At 23.7 hours of work, this is an effective hourly rate of $1,879.58. The Court finds that amount to be unreasonable. Specifically, the Court finds that two of the "windfall" factors outlined in *Fields* require a downward adjustment of Binder's requested fees.

To determine reasonableness, the Court first considers "the character of the representation and the results the representative achieved." *Fields*, 24 F.4th at 849. Here, counsel's briefing was professional and effective. In fact, counsel's thorough briefing prompted the SSA to agree to a remand and achieved the exact result Plaintiff sought—an award of past-due and future benefits.

Second, the Court must determine whether counsel was responsible for unreasonable delays. *Id*. Here, the Court notes that Binder requested one thirty-day extension for filing Plaintiff's motion for judgment on the pleadings in March 2021. (*See* Dkt. 10.) The Court does not consider this request to constitute an undue delay given that it was a single request of a reasonable length that Plaintiff's counsel subsequently met.

The third consideration with respect to reasonableness is whether the requested amount constitutes a "windfall." *Fields*, 24 F.4th at 849. The Court analyzes four factors in determining whether a requested amount qualifies as a windfall. *Id.* at 854–56.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," the Court believes that 23.7 hours was a reasonable amount of time to

5

expend on this case. In *Fields*, the Second Circuit found that 25.8 hours reviewing an 863-page transcript, drafting a 19-page brief, and obtaining a stipulation of dismissal demonstrated particular efficiency and justified a *de facto* hourly rate of $1,556.98. 24 F.4th at 854 (noting that "other lawyers might reasonably have taken twice as much time" to do the same work). Here, the transcript was 300 pages (Dkt. 9), the opening brief was 20 pages (Dkt. 12), and Plaintiff's counsel obtained a stipulation for remand (Dkt. 16). Furthermore, the opening brief evinced an assiduous review by Plaintiff's counsel of the record that revealed a number of independent grounds for remand. (Dkt. 12, at 11–18.) Accordingly, the Court finds that although the administrative transcript Binder reviewed was relatively brief, he billed far fewer hours than plaintiff's counsel did in *Fields*, and 23.7 hours spent on a social security appeal is relatively few. *See, e.g.*, *Hughes v. Saul*, No. 20-CV-01609 (FB), 2022 WL 2161191, at *2 (E.D.N.Y. June 15, 2022) (finding that 38.2 hours spent on a social security case is "reasonable"); *Schultz v. Comm'r of Soc. Sec.*, 18-CV-5919 (PKC), 2022 WL 2918237, at *3 (E.D.N.Y. July 25, 2022) (noting that "40.1 hours is on the higher end of what is typically required for these straightforward cases," but is not enough, "standing alone," for a downward adjustment). No downward adjustment is justified regarding the first "windfall" factor.

Second, regarding "the nature and length of the professional relationship with the claimant—including any representation at the agency level," the Court notes that Binder did not represent Gray in front of the SSA before filing this suit. *Fields*, 24 F.4th at 855. In *Fields*, the plaintiff's counsel had represented the plaintiff from the start of his agency proceedings, including four separate hearings before Administrative Law Judges and multiple petitions to the SSA Appeals Council. *Id.* The Court in *Fields* considered that Plaintiff's counsel's greater involvement at the agency level may have further enabled him to efficiently brief plaintiff's arguments before

6

the district court, thereby distinguishing the case from others in which a windfall was found. *See id*. Here, Plaintiff's counsel was not retained until Plaintiff filed this civil action in August 2020. (Dkt. 20, at 3.) Plaintiff's counsel contends that their representation consisted of "an appeal to the District Court and an appearance at an administrative hearing." *Id.*[5] Consequently, counsel did not have the type of attorney-client relationship built over multiple rounds of representation that distinguished counsel in *Fields* from other windfall cases. Thus, this factor justifies a downward adjustment.

Third, the Court presumes that Plaintiff is satisfied with receiving the past-due benefits that she sought; there is no evidence in the record to the contrary, and Binder caused only one relatively brief delay. *See Vomero v. Comm'r of Soc. Sec.*, 19-CV-5799 (PKC), 2022 WL 2918330, at *3 (E.D.N.Y. July 25, 2022) (finding no downward adjustment on the third "windfall" factor was required where there was "only one brief delay"); *Daniels v. Comm'r of Soc. Sec.*, 20-CV-430 (PKC), 2022 WL 2918236, at *3 (E.D.N.Y. July 25, 2022) (same). Therefore, the third factor does not warrant any downward adjustment.

Lastly, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," the Court notes that this case was not as uncertain as the case underlying *Fields*, where the SSA denied benefits even after the first remand by the district court. *Fields*, 24 F.4th at 850. Here, by contrast, the SSA stipulated to remand after the opening brief, indicating that this case was far less uncertain than the underlying case in *Fields* and did not require the sustained effort of multiple rounds of representation by Binder to achieve

---

[5] Binder's motion for attorney's fees refers to an administrative hearing at which Plaintiff was represented. (*See* Dkt. 21, ¶ 5.) However, the Court finds no record of Plaintiff's representation at that administrative hearing on either the docket or in Binder's attorney logs. (Dkt. 21-1, Exhibit B, at ECF 5.)

7

a positive result. Further, the Court notes that, despite the relatively limited representation required in this case, Plaintiff's counsel seeks a *de facto* hourly rate more than $300—or 20 percent—*higher* than that awarded in *Fields*. This particularly high hourly rate, combined with the relative lack of uncertainty or difficulty regarding Plaintiff's claim, justifies a downward adjustment.

Based on an analysis of the factors above, the Court finds the requested amount of attorney's fees to be unreasonable, and reduces the amount to $35,550.00, which results in a *de facto* hourly rate of $1,500.00. Additionally, upon receiving the § 406(b) award, Binder must remit the $5,099.53 received pursuant to the EAJA to Plaintiff.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that the motion for attorney's fees under 42 U.S.C. § 406(b) is granted in part and denied in part, and Plaintiff's counsel is awarded $35,550.00 in attorney's fees. Upon receipt of this award from the government, Binder shall promptly refund Plaintiff $5,099.53, which represents the EAJA fees already received by counsel. The case remains closed.

SO ORDERED:

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: June 12, 2023
     Brooklyn, New York